IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-06293-PAB

MANUEL ALEJANDRO CORTÉS TORRES, M.D.,

Petitioner,

v.

STEACY MONSERRAT DE LEÓN BARBOSA,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner's Motion for Temporary Restraining Order [Docket No. 3]. The Court has jurisdiction over this Hague Convention petition pursuant to 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331.

## I. BACKGROUND

Petitioner Manuel Alejandro Cortés Torres, M.D., is a Mexican national and licensed physician residing in Nuevo León, Mexico. Docket No. 1 at 1, 5, ¶¶ 1, 11. Respondent Steacy Monserrat de León Barbosa is a Mexican national, born in 1996 in Monterrey, Nuevo León, Mexico. *Id.* at 5, ¶ 12. Petitioner and respondent were married on October 12, 2019, in Monterrey. *Id.*, ¶ 13. The parties' daughter, M.V.C.L., was born in 2020 in San Pedro Garza García, Nuevo León, Mexico. *Id.*, ¶ 14. M.V.C.L. has been diagnosed with moderate-to-severe Autism Spectrum Disorder and Attention Deficit Hyperactivity Disorder. *Id.* at 7, ¶ 20. In Mexico, she received care from a pediatric neurologist and attended psychological therapy and weekly swimming therapy. *Id.*, ¶¶ 20–22.

The parties divorced in November 2022; the divorce decree did not award custody to either parent or otherwise adjudicate their parental rights. *Id.* at 6, ¶ 15. In October 2022, the parties had entered into a visitation agreement approved by[1] the Third Judge of Oral Family Proceedings of the Third Judicial District of Nuevo León. *Id.*, ¶ 17; Docket No. 1-3 at 63, 65. Under that agreement, petitioner has visitation every Tuesday afternoon and on alternating weekends. Docket No. 1 at 6–7, ¶ 17.

On November 18, 2026, petitioner filed a verified complaint and petition for M.V.C.L.'s return. *See generally id.* The complaint alleges that respondent wrongfully removed M.V.C.L. from Mexico to the United States sometime between December 8 and December 18, 2025 without petitioner's consent. *Id.* at 8–9, 11, ¶¶ 28, 33–34, 49. In particular, the complaint alleges that (1) on Tuesday, December 9, 2025, respondent told petitioner that he did not need to pick M.V.C.L. up from school as scheduled; (2) on December 10, 2025, respondent filed a motion in Nuevo León Family Court[2] "expressing her intent to change [M.V.C.L.'s] residence to Colorado . . . , citing her current spouse's employment and proposing that Petitioner visit the Child in Mexico once every three months";[3] (3) by December 18, 2025, respondent informed petitioner

[1] Petitioner alleges that the Third Judicial District court's approval "elevated [the visitation agreement] to the status of a final and binding judgment." Docket No. 1 at 6, ¶ 17. Although the complaint alleges that the parties entered into the agreement on October 27, 2022, *id.*, petitioner's filing in that court states that the agreement was reached on November 10, 2022. Docket No. 1-3 at 9. The discrepancy does not affect the Court's analysis.

[2] The complaint states only that the motion was filed in "Case File 1061/2022." Docket No. 1 at 8, ¶ 30. Docket No. 1 at 17 refers to "Records from Nuevo León Family Court (Case File 1061/2022)," so the Court adopts that terminology.

[3] Petitioner alleges that "[t]he motion did not authorize the Child's departure from Mexico, and on information and belief no Mexican court has granted it." Docket No. 1 at 8, ¶ 30.

"that she was already outside the country with [M.V.C.L.]"; and (4) M.V.C.L. "has been retained in or around Grand Junction, Colorado, since her removal from Mexico." *Id.* at 8–9, ¶¶ 29–30, 33, 39; *see also* Docket No. 1-3 at 23 (noting that respondent's husband "would be relocating—due to work-related reasons—to the city of Grand Junction, Colorado") (citation modified).

The complaint brings claims under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, S. Treaty Doc. No. 99-11 (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. *Docket No. 1* at 2, 10–11, ¶¶ 2, 44–50. The complaint alleges that petitioner has objected to respondent's motion in Nuevo León Family Court to change M.V.C.L.'s residence, filed an action in Nuevo León Family Court for non-compliance with the visitation agreement, filed a criminal complaint for child abduction and domestic violence with the Attorney General's Office of Nuevo León, and submitted a Hague Convention application through Mexico's Central Authority. *Id.* at 10, ¶¶ 40–43.

Also on November 18, 2026, petitioner filed the instant motion for a temporary restraining order. Docket No. 3. Petitioner requests, among other things, that the Court "prohibit[] Respondent . . . from removing the Child from the District of Colorado pending final disposition of the Petition," "requiring Respondent to surrender to the Court all [of M.V.C.L.'s] passports, visas, and other travel documents," and "directing Respondent to disclose the Child's current address and whereabouts." *Id.* at 2. Petitioner argues that such relief is necessary because respondent "has already relocated the Child across an international border without notice to Petitioner," so "there is a substantial risk that

Respondent will again move or conceal the Child before this Court can adjudicate the [Hague Convention] [p]etition." *Id.* at 1–2.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As a result, the movant must make a "clear and unequivocal" showing that he is entitled to such relief. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004)). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

To succeed on a motion for a preliminary injunction, the moving party must show "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest."[4] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter*, 555 U.S. at 20); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). The likelihood of irreparable injury is the "single most important prerequisite for the issuance of a preliminary injunction," and "must be met before the other requirements for the issuance of an injunction will be

[4] Petitioner seeks relief under both Fed. R. Civ. P. 65(b) and ICARA, which provides that a court exercising jurisdiction over a Hague Convention petition "may take . . . measures under Federal or State law" to "prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a). Because § 9004(a) authorizes measures available "under Federal or State law," the Court applies the standards governing injunctions under Fed. R. Civ. P. 65(b).

considered." *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (internal quotation marks and citation omitted).

The same considerations apply to the issuance of a temporary restraining order as to a motion for a preliminary injunction. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

## III. ANALYSIS

Because irreparable injury is a threshold requirement, *see Colorado*, 989 F.3d at 884, the Court begins there.

Petitioner argues that respondent's past conduct satisfies this standard: she "has already shown that she will move the Child across an international border without notice," did so before the Mexican court ruled on her pending motion, and "blocked Petitioner's scheduled visits." Docket No. 3 at 7. Petitioner contends that, "if Respondent learns of this action before an order is in place, there is a substantial risk that she will move or conceal the Child again," which would defeat the Court's jurisdiction. *Id.* He also points to the ongoing harm to M.V.C.L., who "has been cut off from her school, her treating pediatric neurologist, and her swimming therapy for more than ten months." *Id.*

The Court finds that petitioner has not shown a likelihood of irreparable harm.

First, the Court is not persuaded that, if respondent learns of this case, "there is a substantial risk that she will move or conceal the Child again." *Id.* Petitioner fails to show a likelihood that M.V.C.L. will be removed from this district. Even though petitioner has protested M.V.C.L.'s removal in multiple forums for more than ten months, M.V.C.L. "has been retained in or around Grand Junction, Colorado, since her removal from Mexico" almost a year ago. *See* Docket No. 1 at 9–10, ¶¶ 39–43. There

is no allegation that respondent has tried to conceal where M.V.C.L. lives. Moreover, respondent moved to Colorado for "her current spouse's employment." *See id.* at 8, ¶ 30; Docket No. 1-3 at 23. If respondent relocated to Grand Junction due to her new spouse's job, fleeing the district with M.V.C.L. would presumably cause great personal and financial disruption to respondent and her husband. There are no allegations supporting a likelihood of respondent doing so. Petitioner emphasizes that respondent left Mexico while her motion to change M.V.C.L.'s residence remained pending before the Mexican court. *See* Docket No. 3 at 7; Docket No. 1 at 8–9, ¶¶ 30, 33–34. That fact, however, does not suggest that respondent is likely to flee Colorado. Respondent disclosed her plan to relocate to Colorado in a filing with the Mexican court. *See* Docket No. 1 at 8, ¶ 30. Petitioner also states that he learned through that proceeding that M.V.C.L. has an approved United States resident visa. *Docket No. 1-3* at 25. Those facts suggest that respondent's move to Colorado was planned, not that respondent anticipated moving M.V.C.L. if petitioner filed a Hague Convention case. Finally, in the most recent text message in the record, respondent told petitioner that if he "d[idn't] want to talk peacefully," the solution would be "to take it to court." Docket No. 1-7 at 8. That message reflects an intent to proceed through the courts, not to cross another international border.

Second, the irreparable-harm inquiry asks whether the movant is likely to suffer irreparable harm "in the absence of preliminary relief," *Winter*, 555 U.S. at 20, but the relief petitioner seeks would not remedy the harms he identifies. An order prohibiting respondent from removing M.V.C.L. from the District of Colorado, requiring her to surrender M.V.C.L.'s travel documents, and requiring her to disclose M.V.C.L.'s address

would not have the effect of restoring M.V.C.L. to her previous school, her physicians, her therapies, or her father in Nuevo León. *See* Docket No. 3 at 2. Those harms are best addressed through the expedited resolution of the petition that the Hague Convention contemplates, *see* Hague Convention, art. 11, not through a temporary restraining order.

Because petitioner has not shown that he is likely to suffer irreparable harm absent a temporary restraining order, the Court need not consider the remaining factors. *See Colorado*, 989 F.3d at 884. The Court will therefore deny the request for a temporary restraining order.

Petitioner's motion also asks the Court to set the motion for an expedited hearing, to waive security or set it at a nominal amount under Rule 65(c), and to set the petition for an expedited merits hearing consistent with Article 11 of the Hague Convention. Docket No. 3 at 2, 8–9. Because the Court denies the request for a temporary restraining order, the requests for an expedited hearing on the motion and to waive or reduce security are moot. As to the request for an expedited merits hearing, the Hague Convention directs courts to "act expeditiously in proceedings for the return of children." Hague Convention, art. 11. However, the docket does not reflect that respondent has been served or has appeared.

Finally, the Court notes that page 9 of Docket No. 1-3, an English translation of petitioner's filing in the Nuevo León Family Court, includes M.V.C.L.'s full name. Unless the court orders otherwise, a filing that contains a minor's name may include only the minor's initials. Fed. R. Civ. P. 5.2(a)(3). The Court will therefore direct the Clerk of

Court to restrict Docket No. 1-3 at Level 1 and will order petitioner to file a redacted version.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the request for a temporary restraining order in petitioner's Motion for Temporary Restraining Order [Docket No. 3] is **DENIED**. It is further

**ORDERED** that the request that the Court set an expedited hearing on the temporary restraining order and waive or reduce security is **DENIED as moot**. It is further

**ORDERED** that, within seven days of respondent being served, the parties shall file a joint proposed schedule for a hearing on the merits of the petition consistent with Article 11 of the Hague Convention. It is further

**ORDERED** that the Clerk of Court shall restrict Docket No. 1-3 at Level 1. It is further

**ORDERED** that, on or before November 25, 2026, petitioner shall file a version of Docket No. 1-3 that complies with Fed. R. Civ. P. 5.2(a)(3).

DATED November 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge